**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,** | ) | **Case no. 25 C 11662** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Georgia N. Alexakis** |
| **v.** | ) | |
| | ) | **Magistrate Judge McLaughlin** |
| **BANKS MASONRY CONSTRUCTION, LLC, an Illinois corporate entity,** | ) | |
| **Defendant.** | ) | |

**<u>PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT DAMAGES</u>**

NOW COME Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Welfare Fund, Retiree Health and Welfare Fund and Catherine Wenskus, (collectively herein the "Funds"), by and through their attorney, Sara S. Schumann, hereby move for entry of Judgment Damages against Defendant Banks Masonry Construction, LLC ("Company"), an Illinois corporate entity. In support of this Motion, the Funds state as follows:

1. The Funds filed a two count Complaint on September 25, 2025 against the Company. Count I sought to collect delinquent fringe benefit contributions owed per the audit conducted by the independent auditing firm of Richard J. Wolf and Company for the period February 1, 2025 to present (the "Wolf Audit"), plus interest, liquidated damages ("LD"), accumulated LD, audit costs and the Funds' attorneys' fees and costs, as well as sought Company provide proof it is in compliance with its bonding obligations. Count II sought to collect union dues contributions owed per the Wolf Audit, plus LD.

2. Company was served with Summons and Complaint on October 28, 2025, and the deadline to file a responsive pleading was November 18, 2025 (Docket No. 11).

3. Company did not respond, nor defend this action and the Court granted Plaintiffs' motion for an order, compelling the audit and directing the clerk to enter the default, on April 13, 2026 (Docket No. 21).

4. Company and the Construction and General Laborers' District Council of Chicago & Vicinity (the "Union") are parties to an Independent Construction Industry Collective Bargaining Agreement ("Memorandum"), which was also attached to Plaintiffs' Complaint, and is attached hereto as Exhibit A-1. The Memorandum incorporates and adopts the Joint Agreements between the Union and various employer associations (Exh. A-1 at ¶2). The Joint Agreements at all times relevant govern the terms and conditions of employment of Company's employees in the bargaining unit represented by the Union. A copy of relevant portions of one of the Joint Agreements ("CAICA") is attached as Exhibit A-2.

5. Pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and the Agreements and Declarations of Trust, the Funds are entitled to judgment damages in sum certain against Defendant, pursuant to its obligations, arising from the Joint Agreements and the Memorandum (collectively referred to as the "Agreement" or "CBA"), as well as from the also incorporated respective Funds' Agreements and Declarations of Trust (the "Trust Agreements"), which relevant parts are attached hereto with the Affidavit of the Funds' Field Department Representative Alicia Grossi (See Exh. A Grossi Affidavit, Exh.A-1 Memorandum, Exh.A-2 CAICA, Exh.A-3 Pension Fund, Exh.A-4 Welfare Fund, Exh.A-5 Retiree

Welfare Fund, Exh.A-6 Training Fund, Exh.A-7 LECET, and Exh.A-8 LDCLMCC).

6. As explained by Ms. Grossi, the Agreement and the Funds' respective Trust Agreements to which Company is bound require it to submit benefit reports and contribution payments by the tenth (10th) day of the following month. Payments not received within thirty (30) days of this date are assessed LD in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Retiree Welfare, Pension and Training funds, and in the amount of ten (10) percent of the unpaid or late contributions to the related Industry funds (LDCLMCC, CAICA and LECET funds), and for Union dues, plus interest on all such amounts at the rate of twelve (12) percent from the date delinquent until paid (See Exh. A, ¶¶ 2-4 Grossi Affidavit, and Exhs. A1-10).

7. The Agreement and the Funds' respective Trust Agreements further obligate Company to submit its books and records to the Funds for periodic audits to determine benefit contribution compliance, and when there are findings or litigation is necessary to gain compliance with the auditing process the company is obligated to pay the audit costs, as well as obligated to obtain and maintain a bond (See, Exh. A, Grossi Affidavit at ¶¶5-6 and 8).

8. Additionally, per agreement Funds have been duly authorized to act as collection agents on behalf of the Union for the collection of union dues owed (See, Exh. A, Grossi Affidavit at ¶3).

9. On or about April 2025, Funds' selected the independent auditing firm of Richard J. Wolf and Company, Inc. ("Wolf"), to audit the Company from February 1, 2025 to present. The Company failed to comply with Wolf's requests for its books and records and Funds filed this lawsuit for Company's failure to comply with the Audit, as the CBA and the Trust Agreements require signatory companies to provide their books and records for compliance audits on request.

10. After filing the lawsuit and the Court's granting the Funds' motion to compel the Wolf Audit, Company continued to fail to provide the necessary records to complete the review. Thus, the undersigned had to subpoena the Company's banking, financial and payroll records from various entities in order to complete the Wolf Audit based on those responses. On June 24, 2026, Plaintiffs sent copies of the initial Wolf Audit and Summary to Company for its review with a deadline to raise any objections in writing with supporting evidence or to pay the amounts owed.

11. Company was unable to pay the amounts owed and failed to respond as to the option of a payment plan with the Funds. Rather on August 21, 2026, Company paid $500 toward the debt, but has failed to respond to repeated requests to set up a payment plan option. A redacted copy of the Wolf Audit and Summary Report is attached to Ms. Grossi's Affidavit as Exhibit A-9, reflecting the amount of $ 401.59 in principal contributions and dues is owed for the period, covering February 1, 2025 through March 31, 2026, and the total amount owed per the Summary is $10,332.78 (See Exh. A-9 Wolf Audit and Summary).

12. As established by Ms. Grossi, Funds are entitled to judgment damages against Company per the Summary and Wolf Audit in the amount of $ 9,832.78 consisting of:

| | | |
|---|---|---|
| | $ 401.59 | Principal Contributions & Union Dues |
| | $ 40.16 | Liquidated Damages on the audit findings |
| | $ 346.30 | Liquidated Damages on untimely reports paid prior |
| | $ 9.23 | Accumulated Interest |
| | $ 8,485.50 | Attorneys' Fees |
| + | $ 1,050.00 | Audit Costs |
| | **$10,332.78** | **Total Owed Per Wolf Audit** |
| - | **$ 500.00** | **Company payment toward Wolf Audit to date** |
| | **$ 9,832.78** | **Balance Owed for Wolf Audit** |

(Exh. A Grossi Affidavit ¶¶2-6; Exh. A-9 Wolf Audit and Summary).

13. Plaintiffs are entitled to its attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g)(2)(B), as well as per the Agreement. As established by the undersigned, the Funds

incurred **$ 8,485.50** in attorneys' fees and costs in this action (See, Exh. B, Schumann Affidavit, Exh. B1 Fee Report, Exh. A, Grossi Affidavit at ¶7).

14. Pursuant to the Agreement, Defendant must also obtain and maintain a bond (See Exh. A, Grossi Affidavit at ¶8).

15. Pursuant to Rule 55(b) of the Fed. R. of Civil P, Plaintiffs respectfully move the Court to enter an award for judgment damages in the total amount of **$ 9,832.78** in favor of the Funds and against Defendant, Banks Masonry Construction, LLC, requesting the Court set the motion for hearing on October 9, 2026 at 9:30 a.m., which will give sufficient time for this motion and the proposed draft order to be served upon the Defendant via certified mail.

WHEREFORE Plaintiffs respectfully request this Court enter an order for judgment damages in sum certain in favor of Plaintiffs and pursuant to Rule 55(b) of the Fed R. Civ. P., awarding the total amount of $9,832.78 against Defendant Banks Masonry Construction, LLC, and further noting that post-judgment interest will accrue until paid and that Banks Masonry Construction, LLC should produce proof to Plaintiffs that it has obtained and is maintaining a surety bond in compliance with its collective bargaining agreement.

Respectfully submitted,

LABORERS' PENSION AND WELFARE FUNDS,

September 29, 2026 By: /s/ Sara S. Schumann
Associate Fund Counsel

Sara S. Schumann
Laborers' Pension and Welfare Funds
11465 W. Cermak Rd.
Westchester, IL 60154
SaraS@Chilpwf.com
W: (312) 692-1497
C: (773) 255-9878

**CERTIFICATE OF SERVICE**

The undersigned certifies that she caused a copy of the foregoing Motion for Entry of Judgment Damages to be served upon the following entity via certified mail to the address below and to the email addresses, sent on the 29th day of September 2026.

Banks Masonry Construction, LLC
c/o Jomaine Banks, President
99 S. Mayfair Place
Chicago Heights, IL 60411
JBanksBMI@yahoo.com

/s/ Sara S. Schumann